IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY D. JONES, | |
| Plaintiff, | |
| v. | Case No. 24-cv-2566-NJR |
| B. BLUM, DR. MYERS, and WEXFORD HEALTH CARE SERVICES, INC., | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENTENGEL, Chief Judge:**

Plaintiff Gregory D. Jones, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Jones's original Complaint (Doc. 1) was dismissed for failure to state a claim (Doc. 9). In the Amended Complaint, Jones alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Amended Complaint

From June 2024 to the present, Nurse Practitioner B. Blum refused to refer Jones to a specialist and ignored his requests for consultation regarding his bloodwork (Doc. 11, p. 10). Blum also refused to renew Jones's prescription for Naproxen for his back and shoulder pain stemming from a previous injury and surgery. Jones had been receiving Naproxen since 2019. Blum continued to prescribe Naproxen for Jones until August 2024 when he refused to renew the medication (*Id.*). On August 13, 2024, Jones spoke to Blum about his need for pain medication as well as issues with excessive urination (*Id.*). Although Blum ordered blood work, he failed to renew Jones's pain medication. After Blum received the bloodwork results, he failed to contact Jones or explain the results to him (*Id.*). Jones alleges that he spoke to Blum about his excessive urination in June 2024 (*Id.*).

Jones also alleges that Dr. Myers failed to refer him to a specialist and also ignored his bloodwork results (*Id.* at pp. 10-11). Jones suffers from urinary retention and experiences pain during urination, but Dr. Myers refused to issue a referral (*Id.* at p. 11). On August 14, 2024, Jones complained to Dr. Myers that the increase in his Hytrin prescription failed to relieve his symptoms and requested a referral to a specialist (*Id.*). Dr. Myers instructed Jones to wait for the results of his bloodwork (*Id.*). But neither Dr. Myers nor Blum have contacted Jones since his bloodwork was completed (*Id.*). Jones continues to experience pain from his urinary retention (*Id.*).

Jones further alleges that the denial of pain medication and adequate medical care is part of a policy by Wexford that promotes employee's deliberate indifference to inmates' medical needs (*Id*. at p. 11).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following counts:

> **Count 1:** Eighth Amendment deliberate indifference claim against B. Blum and Dr. Myers for failing to treat Jones's medical condition and denying him access to pain medication and a referral to a specialist.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Wexford Health Care Services, Inc. for having policies that encourage employee deliberate indifference.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Jones states a viable claim in Count 1 for deliberate indifference. He alleges that both Blum and Dr. Myers are denying him care for his chronic pain and issues with urinary retention. Thus, Count 1 shall proceed against Blum and Dr. Myers.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Jones fails, however, to state a claim against Wexford. Jones merely states in conclusory fashion that Wexford has a policy of ratifying and promoting the deliberate indifference of its employees (Doc. 11, p. 11). Wexford can only be liable for deliberate indifference if it had a policy or practice that caused the constitutional violation. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). But Jones once again offers only conclusory statements that Wexford instituted policies that promoted the deliberate indifference of its employees. Jones fails to allege what those policies were or how they were utilized in this case. His conclusory statements are simply not enough to allege that a policy of Wexford's caused delays or denials in his care. Thus, the claim in Count 2 against Wexford is **DISMISSED without prejudice**.

## Pending Motion

In addition to his Amended Complaint, Jones filed a motion to proceed in extraordinary circumstances (Doc. 10). Jones noted that his condition has worsened since filing his original pleading. He suffers from urinary issues requiring him to go to the bathroom frequently, often causing him to wake up several times during the night. He also indicated that nurses, who are not currently listed as defendants in this case, denied him medication for his hypertension and told him to file a grievance (*Id.* at p. 2). Jones asks for his claims to proceed without further threats and intimidation (*Id.*). But the nurses mentioned in his motion are not currently parties to this case. Jones only mentions Blum and Dr. Myers and their treatment of both his pain and urinary retention issues.

His Complaint fails to mention the actions of any nurses or any issues with the treatment of his hypertension. To the extent he seeks to allege a claim against any nurse for unrelated treatment, he would need to file a new lawsuit. To the extent he requests that the claims in this case proceed, his motion is **DENIED as moot**. The Court has now conducted a review of his claims, and defendants will be served as directed below.

### Disposition

For the reasons stated above, Count 1 shall proceed against B. Blum and Dr. Myers. Count 2 against Wexford is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants B. Blum and Dr. Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Jones. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Jones, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation

of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

**Because Plaintiff's claims involve his medical care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.**

If judgment is rendered against Jones, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Jones is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 18, 2025

_____
**NANCY J. ROSENSTENGEL**
Chief U.S. District Judge

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**